# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

_____

| In Re: | |
|---|---|
| Pierre J. Saviers, | Bankruptcy Case No. 12-40162-JDP |
| Debtor. | |

_____

## MEMORANDUM OF DECISION

_____

**Appearances:**

    Pierre Saviers, Hailey, Idaho, Debtor, Pro Se

    Brett Cahoon, RACINE, OLSON, NYE, BUDGE & BAILEY, CHARTERED, Pocatello, Idaho, Attorney for Trustee

    On June 3, 2013, the Court conducted a hearing concerning the Application for Compensation and Reimbursement of Expenses (the "Application") filed in this case on March 8, 2013, by Racine Olson Nye Budge & Bailey ("Applicants"), the attorneys for chapter 7 trustee Gary Rainsdon ("Trustee"), Dkt. No. 45, and the objection to that application

MEMORANDUM OF DECISION-1

filed on March 29, 2013, by the chapter 7 debtor, Pierre Saviers ("Debtor"), Dkt. No. 48.  Brett Cahoon appeared at the hearing as attorney for Applicants.  Trustee appeared in person.  Debtor also appeared in person.  At the hearing, the Court heard argument from the parties, and thereafter took the issues under advisement.  Having now carefully reviewed the record in this case, and the submissions and arguments of the parties, the Court finds, concludes and orders that Debtor's objection to the Application should be denied, and that the Application should be approved.[1]

The United States Trustee has reviewed the Application and has indicated that it has no objection to the entry of an order approving the Application.  Dkt. NO. 47.  Trustee, at the hearing, also recommends approval of the Application.  Though all parties in the bankruptcy case were given notice of the Application and hearing, only Debtor has objected to the Application.  His objections are discussed below.

---

[1] This decision constitutes the Courts' findings of fact and conclusions of law.  Fed. R. Bankr. P. 9014, 7052.

MEMORANDUM OF DECISION-2

After notice to all parties, and without objection, the Court granted Trustee's application for permission to employ Applicants, Dkt. No. 28, in an order entered on July 17, 2013, Dkt. No. 32. As reflected in the itemization of their services attached to their Application, Exh. A, Dkt. No. 45, the attorneys for Trustee's services were primarily related to assisting the in sale of certain residential real estate that was Debtor's former marital property, which he owned in common with his former spouse. When Trustee received an offer from potential buyers to purchase the property, Applicants drafted, filed, and argued a motion to sell the co-owned property. Dkt. No. 37. Debtor objected to certain aspects of the sale. Dkt. No. 39. In addition, Debtor's ex-spouse, represented by counsel, also appeared at the motion hearing and expressed concerns with the details of the sale. *See* Minutes, Dkt. No. 41. Later, the parties resolved their differences and an order authorizing the sale, the terms of which were approved by all parties, was entered. Dkt. No. 42. The order provided that the property would be sold, costs of sale and the outstanding mortgage balance paid, and that, of the remaining proceeds,

MEMORANDUM OF DECISION-3

$17,041.36 would be held in trust subject to the resolution of the disputed claims of both Debtor and his ex-spouse, with half of the balance of the proceeds to be paid to the ex-spouse, and the other half retained by Trustee to distribute. *Id.* The sale was later closed, and distributions made per the order. *See* Trustee's Report of Sale, Dkt. No. 44.

Applicants then filed the Application seeking $4,937.28 in compensation for their services, and reimbursement of $62.72 in expenses. In opposition to the Application,[2] Debtor's objection first argues that he "was never informed or specifically notified that he would be subject to the costs for the Trustee's attorneys." Objection, Dkt. No. 48 at ¶ 1. However, the record reflects that Debtor was aware that Trustee had sought and obtained authority to employ attorneys to represent him in this case. Debtor is presumed to be aware that, under the Bankruptcy Code, the Trustee's attorneys' compensation and expenses would be allowed as

---

[2] Since Trustee reports this will likely be a "surplus" case, with more funds available than needed to be allowed creditor claims in full, Debtor clearly possesses the requisite pecuniary standing to oppose the Application.

MEMORANDUM OF DECISION-4

a cost and expense of administering the bankruptcy case, payable prior to any distributions to Debtor.  *See* 11 U.S.C. § 503(b)(2) (providing that "compensation and expenses awarded under section 330(a)" constitute an administrative expense); § 507(a)(2) (providing that § 503(b) administrative expenses are entitled to priority in payment); and § 726(a)(1) and (6) (providing that bankruptcy estate property be distributed first to payment of § 507 priority claims, and sixth to the debtor).  Therefore, Debtors objection claiming he did not know that Trustee's attorneys would be compensated from the funds in the bankruptcy estate  lacks merit.

Debtor also objects that because Applicants' fees and costs were related to the sale of the property, Trustee should have "held funds back" from the sale proceeds to pay them.  Dkt. No. 45 at ¶¶ 3, 4.  As the Court understands this argument, Debtor apparently believes that the attorneys' compensation and expenses should have been paid as a sale cost in advance of any payments to his ex-spouse for her interest in the property.  Effectively, because Trustees' attorneys' fees and costs will be paid from

MEMORANDUM OF DECISION-5

estate funds, Debtor feels he is paying a disproportion share of those fees and costs.

This objection is also flawed. First of all, if Debtor's position were correct, he should have raised it at the time the sale was approved, and then insisted that his version of the allocation of the sale proceeds was incorporated in the negotiated order approving the sale. Instead, Debtor approved the entry of a sale order that did not provide that Trustee's attorneys be paid directly from the sale proceeds, and it is too late for Debtor to insist upon that now.

Debtor's position is incorrect for another reason. Applicants' compensation and expenses are directly attributable to effecting a sale of *his* interest in the house, not that of his former spouse. The fact is, Debtor initiated this process when he filed his petition, and Debtor's bankruptcy

MEMORANDUM OF DECISION-6

relief[3] comes at a cost (*i.e.*, allowed administrative expenses), something about which Debtor can not now justifiably complain.[4]

Finally, Debtor complains that Applicants' requested compensation is excessive in amount. Dkt. No. 48 at ¶ 2. He argues that Trustee did not need to employ counsel to assist with the sale of the property in this case, and even if there was a need, the charges for the services Applicants' provided are too high. The Court respectfully disagrees.

Section 330(a)(1) provides that a chapter 7 trustee's attorneys may be awarded "reasonable compensation for [their] actual, necessary services"

---

[3] While Trustee reports all allowed creditor claims will be paid in full, if there are unfiled claims, Debtor is likely entitled to a discharge of those claims. Unfortunately, Debtor has not yet satisfied all of the requirements, nor submitted all of the required filings, to qualify for his discharge. Among other things, Debtor must file a certificate with the Clerk evidencing his completion of required post-bankruptcy debtor financial education course, which is a condition to entry of that discharge. *See* § 727(a)(11). Debtor is encouraged to promptly contact the Clerk to receive instructions on correcting any deficiencies in his filings so that he may receive his discharge.

[4] This is especially true since some of the legal services provided by Applicants were necessary to resolve Debtor's own objection to the proposed sale.

MEMORANDUM OF DECISION-7

and "reimbursement for actual, necessary expenses." The Court concludes that, on this record, it was a reasonable exercise of Trustee's judgment to employ counsel. Trustee was duty-bound to liquidate Debtor's valuable interest in his former marital property, a house, which, as a result of the parties' divorce, was co-owned by Debtor's former spouse. § 704(a)(1) (providing that, among others, trustee has a duty to "collect and reduce to money the property of the estate . . . ."). The Court can not say Trustee abused his discretion when he decided that the assistance and counsel of an attorney would be required for him to complete a bankruptcy sale of Debtor's interest in the house co-owned by his former spouse.

Moreover, after carefully reviewing the itemization of the services provided by Applicants, the Court finds all of them were actual and necessary. Applicants consulted with Trustee and the others involved in the house sale process, prepared the necessary court pleadings and filings to obtain approval of the sale, negotiated with Debtor and his ex-spouse's attorney to achieve a consensus order approving the sale, and represented Trustee in getting the sale closed. Applicants performed these services in a

MEMORANDUM OF DECISION-8

reasonable amount of time, and they seek a reasonable hourly rate as compensation for their services. They also request reimbursement of mileage costs to attend Court hearings. All things considered, Applicants' compensation and expense request is reasonable in all respects, and should be approved.

In sum, Applicants' services and expenses were actual and necessary, and their requested compensation and expenses are reasonable in amount. Debtors' objections to the Application lack merit. The objection will be denied, and the Application will be approved. Applicants shall submit an appropriate order for entry by the Court.

Dated: June 11, 2013

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION-9